# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil No. 16-cv-1271-JPG-CJP ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM and ORDER**

This matter is before the Court on plaintiff's Motion for Reconsideration [under] Rule 59(e). (Doc. 43.) Plaintiff's motion was filed within 28 days of the entry of judgment. Therefore, the motion will be considered under Fed. R. Civ. 59(e). *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).

The Memorandum and Order affirming the denial of plaintiff's application for social security benefits explains in detail the reasons for the Court's decision. (*See* Doc. 41.) Plaintiff argues that the Court committed a manifest error of law, but none of his arguments have merit. Rather, plaintiff mainly rehashes the points he raised previously in his brief. The Court has already explained why it rejected those arguments. Plaintiff obviously disagrees with the Court's reasoning, but he has not presented any argument which demonstrates that the court made a manifest error of law.

Most of plaintiff's arguments relate to his dissatisfaction with the actions of the attorney who represented him before the agency. As the court has previously explained:

1

> Because the proceedings were civil, plaintiff had no constitutional right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 656-657 (7th Cir. 2007). The Sixth Amendment guarantee of the effective assistance of counsel does not apply in a civil case. *Diggs v. Ghosh*, 850 F.3d 905, 911 (7th Cir. 2017). Any argument that plaintiff's attorney committed malpractice in representing him before the agency cannot be considered here because professional negligence, if it occurred, would not be grounds to reverse the Commissioner's decision. *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001).

(Doc. 41, p. 8.)

Plaintiff also reiterates his argument that he was denied his right to appear at the administrative hearing. However, the record is clear that his attorney waived plaintiff's appearance.

In short, petitioner has not demonstrated that the court committed a manifest error of law. Therefore, the Court **DENIES** plaintiff's Motion for Reconsideration (Doc. 43). Plaintiff's Motions for Status (Docs. 44 & 45) are found **MOOT**.

**IT IS SO ORDERED.**

**DATE: FEBRUARY 2, 2018**

                                              s/ *J. Phil Gilbert*
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**